UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER C. THURMAN, | CASE NO. C25-5984JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN PHELAN, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Peter C. Thurman's complaint, in which he seeks "2012 backpay with 13 [years] interest and penalty" as well as a "retract[ion] of [his] 2012 and 2013 termination." (Compl. (Dkt. # 4) at 5.) The court is not aware of any authority authorizing a plaintiff to file an employment lawsuit approximately a dozen years after the termination of the plaintiff's employment. Furthermore, Mr. Thurman includes only very brief and bare-bones allegations that do not state on what basis he believes he is entitled to backpay or a retraction. (*See generally id.*) Thus, his complaint does not satisfy Federal Rule of Civil Procedure 8's requirement that a complaint contain

ORDER - 1

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A trial court may dismiss a claim *sua sponte* under Rule 12(b)(6) after giving the plaintiff notice of its intent to dismiss and affording the plaintiff an opportunity to respond. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001)). The court is mindful that Mr. Thurman is proceeding *pro se*, and therefore, it must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, a pro se litigant must follow the same rules of procedure that govern other litigants. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Accordingly, the court ORDERS Mr. Thurman to SHOW CAUSE why this case should not be dismissed as barred by the statute of limitations and for failure to meet minimal pleading standards. Mr. Thurman shall either file a response to this order to show cause or file an amended complaint that addresses the deficiencies identified in this order by no later than **January 5, 2026**. The court DIRECTS the Clerk to renote the pending motion to appoint counsel (Mot. (Dkt. # 5)) for January 5, 2026.

Dated this 4th day of December, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 2