UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER C. THURMAN, | CASE NO. C25-5984JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN PHELAN, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Peter C. Thurman's (1) complaint, in which he seeks "2012 backpay with 13 [years] interest and penalty" as well as a "retract[ion] of [his] 2012 and 2013 termination," and (2) motion to appoint counsel. (Compl. (Dkt. # 4) at 5; Mot. for Counsel (Dkt. # 5).) On December 4, 2025, the court ordered Mr. Thurman to show cause why this case should not be dismissed as barred by the statute of limitations and for failure to meet minimal pleading standards. (12/04/25 Order (Dkt. # 8) at 2.) The court warned Mr. Thurman that the instant matter may be dismissed *sua sponte* under Federal Rule of Civil Procedure Rule 12(b)(6) if the deficiencies identified

ORDER - 1

were not sufficiently addressed.  (*Id*.); Fed. R. Civ. P. 12(b)(6); *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001)).  Mr. Thurman responded to the order to show cause on December 23, 2025.  (OSC Resp. (Dkt. # 10).)

Mr. Thurman's response does not address the issues the court raised in its December 4, 2025 order.  First, Mr. Thurman does not address or remedy his failure to meet minimal pleading standards.  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  *See* Fed. R. Civ. P. 8(a)(1)-(2).  Here, Mr. Thurman's complaint contains only very brief and bare-bones allegations that do not state the basis on which he believes he is entitled to backpay or a retraction.  (*See generally* Compl.)  Mr. Thurman's response does not provide any information addressing that deficiency.  (*See generally* OSC Resp.)  Thus, Mr. Thurman's complaint fails to meet minimal pleading standards.

Second, Mr. Thurman's response does not sufficiently address the statute of limitations.  Mr. Thurman represents that the facts of his suspension and termination "were not revealed to [him] until" October 2025 when the Naval Facilities Engineering Systems Command Northwest ("NAVFAC NW") human resources office told him that no documented reason could be found why he received no backpay in 2012 or why he was reported as being terminated in 2012 instead of 2013.  (OSC Resp. at 1.)  Mr. Thurman, however, acknowledges that the "Navy terminated [him] in 2013 without offering retirement and with all FPA's satisfactory or greater," and asserts that he "*ha[s] said this, since [his] 2013 termination*."  (*Id*.) (emphasis added).  Although Mr. Thurman

ORDER - 2

may have learned about NAVFAC NW's lack of documented reasons from the human resources office in October 2025, he has known about the circumstances of his termination including the lack of backpay since at least 2013. The court is not aware of any authority authorizing a plaintiff to file an employment lawsuit approximately a dozen years after the termination of the plaintiff's employment, and Mr. Thurman has not alleged facts that would entitle him to invoke the discovery rule.

The discovery rule pertains to "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (citing *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)) (internal quotation marks omitted). Under the discovery rule, the statute of limitations "only begins to run once a plaintiff gains knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). A plaintiff who is not diligent in discovering the critical facts of the case may not avail himself of the discovery rule to litigate claims beyond the expiration of the statute of limitations. *Id*. at 1108; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997 (noting a *pro se* litigant must follow the same rules of procedure that govern other litigants). Here, Mr. Thurman was on notice of the facts of his injury and that it was inflicted by NAVFAC NW in 2013. Mr. Thurman had a duty to investigate the critical facts of his case at that time. Thus, the court concludes that the discovery rule does not apply and his claims are time-barred.

ORDER - 3

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P.15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Because Mr. Thurman's claims are time-barred and nothing in his response to the order to show cause indicates that the discovery rule might apply to those claims, the court concludes that further amendment would be futile. Consequently, the court denies leave to amend.

Accordingly, the court (1) DISMISSES Mr. Thurman's complaint and this action (Dkt. # 4) with prejudice, and (2) DENIES as moot his motion to appoint counsel (Dkt. # 5).

Dated this 28th day of January, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 4