UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER C. THURMAN, | CASE NO. C25-5984JLR |
| Plaintiff, | ORDER DENYING VOLUNTARY RECUSAL |
| v. | |
| JOHN PHELAN, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Peter C. Thurman's motion for recusal.  (Mot. (Dkt. # 16).)  The undersigned has considered the motion and declines to recuse himself voluntarily from this case for the reasons set forth below.

## II.   BACKGROUND

On November 4, 2025, Mr. Thurman moved for leave to proceed *in forma pauperis* ("IFP") in this matter.  (*See* IFP Mot. (Dkt. # 1).)  Before the court could consider his IFP motion, Mr. Thurman paid the filing fee and the Clerk filed his

ORDER - 1

complaint and motion to appoint counsel on the docket. (*See* 11/6/25 Dkt. Entry; Compl. (Dkt. # 4); Counsel Mot. (Dkt. # 5).) In his complaint, Mr. Thurman alleges:

> NAVFAC NW must provide my 2012 backpay with 13 yrs interest and penalty. NAVFAC NW must explain why they list me as terminated in 2012 an employee in 1983 and explain how they justify terminating an employee with a history of doing his/her job for 28 yrs.

(Compl. at 5.) He provides no additional information about the facts of his claim. (*See generally id.*) As relief, he asks the court to order Defendant to "[r]etract my 2012 and 2013 termination" and "[a]cknowledge that I only have final performance appraisal." (*Id.*) On November 18, 2025, Mr. Thurman filed a *praecipe* to issue summons, which the Clerk rejected as incomplete. (*See* 11/20/25 Not. (Dkt. # 7) (explaining that the proposed summons did not include complete or correct party information).)

On December 4, 2025, the court directed Mr. Thurman to either show cause why his case should not be dismissed as barred by the statute of limitations and for failure to meet minimum pleading standards or file an amended complaint that cured these deficiencies. (12/4/25 Order (Dkt. # 8).) Mr. Thurman responded to the order to show cause on December 23, 2025. (OSC Resp. (Dkt. # 10).) He stated:

> The facts of my suspension and termination were not revealed to me, until two months ago, not a dozen years ago, as follows: In October 2025, the NAVFAC NW Human Resource office told me, in an in-person meeting at naval subase Bangor, they found no documented reason why I received no backpay in 2012 and no documented reason why the navy reported me as terminated in 2012. The Navy terminated me in 2013 without offering retirement and with all FPA's satisfactory or greater, and I have said this since my 2013 termination.

(OSC Resp.)

ORDER - 2

On January 28, 2026, the court dismissed Mr. Thurman's complaint and entered judgment. (1/28/26 Order (Dkt. # 11); Judgment (Dkt. # 12).) The court explained that Mr. Thurman's response did not cure his failure to meet minimum pleading standards because the complaint contains only very brief and bare-bones allegations that do not state the basis on which he believes he is entitled to backpay or a retraction and the response does not provide any information addressing that deficiency. (1/28/26 Order at 2.) The court also explained that Mr. Thurman could not invoke the discovery rule to overcome the statute of limitations for his employment claims because he knew about the circumstances of his termination in 2013. (*Id.* at 2-3); *see Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (holding the statute of limitations "begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury'") (citation omitted); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (noting a *pro se* litigant must follow the same rules of procedure that govern other litigants). Mr. Thurman has not filed a notice of appeal of the court's order and judgment. (*See generally* Dkt.) Mr. Thurman now moves for the recusal of the undersigned. (*See generally* Mot.)

### III.    ANALYSIS

The court liberally construes Mr. Thurman's motion as being made under 28 U.S.C. § 144 and/or 28 U.S.C. § 455. Under this District's Local Civil Rules, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and

ORDER - 3

decide whether to recuse voluntarily."  Local Rules W.D. Wash. LCR 3(f).  "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee."  *Id.*  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same:  Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted).

The undersigned declines to recuse voluntarily from this case.  Mr. Thurman argues that the undersigned is "apparently biased against [him] . . . because absolutely everything the [undersigned] asked [him] to do, [he] did, and did alone and to the best of [his] ability[.]"  (Mot.)  Mr. Thurman further asserts that the undersigned "implies [Mr. Thurman] [has] not been forthright and honest in [his] efforts to resolve [his] issues with the Navy," "ignores the fact that [he] cannot find a competent lawyer to represent [him]," "ignores [his] trauma, sadness and hurt[,]" and "ignores the wrong done to [him] by our government and instead implies anything wrong is [his] fault alone."  (*Id.*)  These allegations identify no basis on which the court's impartiality might be questioned.  Rather, Mr. Thurman's motion expresses his disagreement and disappointment with the court's prior orders.  (*See generally id.*)  The undersigned harbors no bias against Mr. Thurman or in favor of Defendant.  Therefore, the undersigned declines to recuse himself voluntarily from this matter.

//

//

ORDER - 4

## IV.   CONCLUSION

For the foregoing reasons, the undersigned declines to recuse himself voluntarily from this matter.  Pursuant to Local Civil Rule 3(f), the court DIRECTS the Clerk to refer Mr. Thurman's motion for recusal (Dkt. # 16) to Chief Judge David G. Estudillo for further review.

Dated this 11th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5