UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER C. THURMAN,

                        Plaintiff,

        v.

JOHN PHELAN,

                        Defendant.

CASE NO. 3:25-cv-05984-JLR

ORDER AFFIRMING DENIAL OF
RECUSAL (DKT. NO. 17)

Before the Court is the Honorable District Judge James L. Robart's denial (Dkt. No. 17) of Plaintiff's motion for recusal (Dkt. No. 16). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Robart's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *Matter of Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986), *opinion amended on denial of reh'g sub nom.* 803 F.2d 1085 (9th Cir. 1986)).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Judge Robart previously dismissed Plaintiff's complaint without leave to amend because Plaintiff's claims were "time-barred and nothing in [Plaintiff's] response to the order to show cause indicate[d] that the discovery rule might apply to those claims."  (Dkt. No. 11 at 4.)  In response, Plaintiff filed a motion for recusal, alleging Judge Robart was "biased against [him] . . . because absolutely everything [Judge Robart] asked [him] to do, [he] did, and did alone and to the best of [his] ability[.]"  (Dkt. No. 16 at 1.)  Plaintiff faults Judge Robart for "speak[ing] about [Plaintiff's] conduct, as if [he] were a seasoned lawyer, expert in legal matters of [his] kind," and implying "[he has] not been forthright and honest in [his] efforts to resolve [his] issues with the Navy."  (*Id.*)  Plaintiff also contends Judge Robart "ignores [his] trauma, sadness and hurt from not just single-handedly fighting the Navy, but single-handedly fighting our government, whom [he] dedicated [his] life to[,]" and further "ignores the wrong done to [Plaintiff] by our government and instead implies anything wrong is [his] fault alone."  (*Id.*)

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) - 2

As pointed out in Judge Robart's order denying recusal, Plaintiff fails to identify *any* basis on which Judge Robart's impartiality might be questioned.  (Dkt. No. 17 at 4.)  Instead, Plaintiff's motion expresses "great depression, sadness, frustration and bewilderment" with Judge Robart's ruling.  (Dkt. No. 16 at 1.)  This is not a basis under which to recuse Judge Robart.

Finding no evidence with which to question Judge Robart's impartiality, the Court AFFIRMS Judge Robart's denial (Dkt. No. 17) of Plaintiffs' motion for recusal (Dkt. No. 16).

Dated this 18th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) - 3